

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00174-CR

JOAQUIN CORONADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-5424-16, Honorable Felix Klein, Presiding

May 18, 2018

# ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Joaquin Coronado, appeals his conviction for engaging in organized criminal activity[1] and the resulting sentence of 55 years imprisonment. We previously abated this appeal and remanded the cause to the trial court on March 19, 2018, after appellant failed to file a brief. On remand, the trial court entered findings that appellant desired to continue the appeal, appellant was indigent, and Mr. Charles Blevins should

---

[1] TEX. PENAL CODE ANN. § 71.02 (West Supp. 2017).

continue as appointed counsel for appellant. Mr. Blevins represented to the trial court that appellant's brief would be filed by April 16, 2018.

Accordingly, the appeal was reinstated on this Court's docket and appellant's brief was due April 16, 2018. Appellant did not file a brief by this deadline. By letter of April 30, 2018, we notified Mr. Blevins that the brief was overdue and admonished him that failure to file a brief by May 10 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. *See* TEX. R. APP. P. 38.8(b)(2), (3). Mr. Blevins has not filed a brief or had any further communication with this Court.

Accordingly, we again abate this appeal and remand the cause to the 154th District Court of Lamb County (trial court) for further proceedings. Upon remand, the trial court shall determine the following:

1.     whether appellant desires to prosecute the appeal;

2.     whether appellant is indigent;

3.     why a timely appellate brief has not been filed on behalf of appellant;

4.     whether appellant has been denied the effective assistance of counsel due to counsel's failure to timely file an appellate brief;

5.     whether new counsel should be appointed; and

6.     if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by June 18, 2018.

2

If it is determined that appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, and phone number of any new counsel appointed shall be included in the aforementioned findings. Should further time be needed to perform these tasks, then same must be requested before June 18, 2018.

    It is so ordered.

                Per Curiam

Do not publish.